UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| RONNY JOSE RODRIGUEZ SILVA,<br><br>    Petitioner,<br><br>v.<br><br>TODD LYONS, in his official capacity as Acting Director of the United States Immigration and Customs Enforcement, et al.,<br><br>    Respondents. | No. 1:25-CV-061-H |

## **SHOW-CAUSE ORDER**

Before the Court is the petitioner's motion for order to show cause. Dkt. No. 14. The motion (Dkt. No. 14) is granted in part.

The petitioner requests that the Court order the respondents to show cause within 3 days. *Id.* at 3. The Court understands the urgency of this matter, as it does with all habeas actions. *See Preiser v. Rodriguez*, 411 U.S. 475, 495 (1973) (noting that "the federal habeas statute provides for a swift, flexible, and summary determination of [a petitioner's] claim"). But, for multiple reasons, the Court finds good cause to give the respondents 20 days to respond to this show-cause order. Any reply must be filed by 5:00 p.m. CT on May 22, 2025.

First, this case may turn out to be more complicated than the petitioner suggests. The petitioner is currently being held in the Bluebonnet Detention Center in Anson, Texas and is a Venezuelan national. *See* Dkt. No. 14 at 1–2. The Court takes no position on the merits of the case, but the Court notes that under these circumstances, the President's recent proclamation regarding the Alien Enemies Act may be a basis for detention that the

government provides in response to this Order.  There are numerous legal and factual debates percolating in various courts surrounding the Alien Enemies Act, the President's proclamation, and the interplay between the Alien Enemies Act and the Immigration and Nationality Act.  These complicated and potentially novel issues of statutory construction and constitutional law are developing by the day, and the Court does not believe that it is possible to receive adequate briefing from the parties on such a short timeline.  Adequate briefing will help ensure that the Court reaches a correct and just result as required by the law and facts.  The Court thus finds good cause to extend the deadline under 28 U.S.C. § 2243.

The Court further notes that although 28 U.S.C. § 2243 allows for a response to a habeas petition "within three days unless for good cause additional time, not exceeding twenty days," district courts routinely take the position that they are not bound by that reply period.  Specifically, courts commonly conclude that they have discretion pursuant to the superseding Rules Governing Section 2254 Cases in the United States District Courts and Rules Governing Section 2255 Cases for the United States District Courts to set a deadline beyond twenty days for habeas petitions under 28 U.S.C. § 2241.  *See, e.g.*, *Bleitner v. Welborn*, 15 F.3d 652, 653–54 (7th Cir. 1994); *Clutchette v. Rushen*, 770 F.2d 1469, 1473–74 (9th Cir. 1985); *Castillo v. Pratt*, 162 F. Supp. 2d 575, 576–77 (N.D. Tex. 2001); 28 U.S.C. § 2072(b) (noting that rules of practice and procedure that the Supreme Court promulgates, such as the rules governing Sections 2254 and 2255 cases, displace "[a]ll laws in conflict with such rules," and those laws "shall be of no further force or effect").  In no circumstance, however, should a court set the response time beyond 60 days, which is the amount of time that the government must file either an answer or a defensive motion in

cases against the United States, a federal agency, or a federal officer or employee in an official capacity. *See* Fed. R. Civ. P. 12(a)(2)–(3). Thus, although the law permits the Court to provide the respondents with up to 60 days to respond, the Court sets the deadline in this Order to balance the case's urgency with the need to give the parties an amount of time sufficient but not greater than necessary to provide thorough, helpful briefing.

With good cause shown, the respondents are directed to file an answer to the petition by no later than 5:00 p.m. CT on May 12, 2025. All applicable issues must be raised in the answer filed by the respondents. No extensions will be granted. All records must be filed with the Clerk of Court by no later than 5:00 p.m. CT on May 12, 2025. The petitioner may file a response to the respondents' answer by no later than 5:00 p.m. CT on May 22, 2025.

It is standard for this Court to serve copies of all pleadings, motions, and orders electronically upon the United States Attorney for the Northern District of Texas, pursuant to Fed. R. Civ. P. 5(b)(2)(E) and by prior agreement of the Office of the United States Attorney, Northern District of Texas. Here, however, the respondents' counsel has already entered an appearance, Dkt. Nos. 5, 6, and will receive electronic notice through the Court's filing system. The Clerk of Court shall transmit a copy of this Order to the petitioner or his attorneys of record.

Finally, the Court notes that the petitioner's request for a hearing is premature. *See* Rule 8 of the Rules Governing Section 2254 Cases (providing that after reviewing the respondent's answer and relevant records, the Court should determine whether a hearing is required). The respondents have not yet filed an answer or provided relevant records for the Court's review. Thus, the Court has no basis on which to determine whether a hearing is necessary.

– 4 –

So ordered on April 22, 2025.

                                                  JAMES WESLEY HENDRIX
                                                  UNITED STATES DISTRICT JUDGE